6957

## TOWN OF LANCASTER v. FIRST NATIONAL BANK OF LANCASTER.

COUPON BONDS.—THE ISSUE OF BONDS FOR WATERWORKS BY THE TOWN OF LANCASTER is within the constitutional limitation as to amount, and the town may make the interest five per cent. under a vote authorizing an issue at a rate not greater than six per cent., and may make bonds and coupons payable in the City of New York.

Before GAGE., J., Lancaster, June 25, 1908. Affirmed.

Controversy without action by Town of Lancaster against First National Bank of Lancaster, Bank of Lancaster and Farmers' Bank and Trust Company. From Circuit decree plaintiff appeals under stipulation to have questions passed on by the Supreme Court.

*Mr. Ernest Moore,* for appellant.

July 14, 1908. PER CURIAM. The purpose of this appeal is to test the validity of certain bonds of the town of Lancaster, the appellant above named, which were contracted to be sold by said appellant to the several respondents above named, the issues herein having been submitted to the Circuit Court upon an agreed statement of facts by way of controversy without action, and the same questions being

now presented to this Court by appeal from the Circuit decree, which held the said bonds to be valid and binding obligations. The bonds in question are waterworks bonds of the said town to the amount in par value of thirty thousand ($30,000) dollars, issued in the denominations of five hundred ($500) dollars each, dated May 1, 1908, bearing interest from date at the rate of five (5) per centum per annum, payable semi-annually, due forty years after date, with the privilege of redemption twenty years from date.

It appears that these bonds were duly authorized to be issued, at a rate of interest not to exceed six (6) per centum per annum, by the vote in favor of such issue by a majority of the duly qualified registered electors of said town, voting at an election held on the 27th day of April, 1908, pursuant to the requirements of law, and by ordinance of the town council of the said town, on the 30th day of April, 1908, duly declaring the result of said election as aforesaid. At the same election three commissioners of public works of the town of Lancaster were duly elected and so declared by ordinance of the said town council, and thereupon duly qualified as such and entered upon the discharge of the duties of said offices. This election was regularly ordered and held in pursuance of a petition therefor, duly signed by a majority of the freeholders of the said town of Lancaster, after due advertisement and a full compliance with all the requirements of law.

By ordinance, duly adopted on the 30th day of April, 1908, the town council of the town of Lancaster ordered and directed the issuance of the said coupon bonds to the amount in par value aforesaid, to be signed by the mayor and clerk and treasurer of the said town and duly sealed with the seal thereof, as of date the 1st day of May, 1908, to be issued in such denominations as to the said mayor and clerk and treasurer shall seem to be for the best interests of the said town, and to bear such rate of interest, not to exceed six (6) per centum per annum, as may be deemed

by the said mayor and clerk and treasurer to be most advantageous to the said town. Thereafter, on the 15th day of June, 1908, with the consent and approval of the said mayor and clerk and treasurer, and by the ratification of the said town council, the said bonds were by the said commissioners of public works duly contracted to be sold, severally, as follows: Ten thousand ($10,000) dollars par value thereof to the said First National Bank of Lancaster; ten thousand ($10,000) dollars par value thereof to the said Bank of Lancaster, and ten thousand ($10,000) dollars par value thereof to the said Farmers' Bank and Trust Company, the terms of sale being in each case as follows, to wit: That the bonds shall be forty-year bonds, with the privilege of redemption after twenty years from the date thereof, shall be dated May 1, 1908, and mature May 1, 1948, shall be of the denomination of five hundred ($500) dollars each, bearing interest at the rate of five (5) per centum per annum, payable semi-annually, on the 1st January and 1st July of each year, at the Hanover National Bank, of the city of New York, the first interest coupons to be due January 1, 1909, for the eight months' interest then accruing: *Provided,* That the said bonds and the issue and sale thereof shall be held and adjudged valid by the Circuit Court, and upon appeal by the Supreme Court of the said State, at the earliest practicable date, without cost to the said purchasers; which bonds are to be lithographed and furnished by the said town of Lancaster and delivered at the respective banking-houses of the said above named purchasers on August 1, 1908, at 10 o'clock a. m., unless a subsequent date shall be mutually agreed upon; the price to be paid by each of the said purchasers, respectively, being the par value of ten thousand ($10,000) dollars for each of the said respective lots of bonds, and, in addition thereto, the accrued interest to the date of the delivery of the same. A certified check for three hundred and thirty-three and 33-100 ($333.33) dollars was executed and delivered by each of the said contracting pur-

chasers as a guarantee of compliance by each with the terms of the said several and respective contracts.

It appears from the agreed statement of facts herein that at the time of said election, as shown by the tax books, the returns of taxable property in the several political divisions or municipal corporations, covering or extending over the territory, or portions thereof, embracing the said town of Lancaster, and the total bonded debt of the same, were and are as follows:

Total taxable property:

| | | |
|---|---:|---:|
| County of Lancaster | $3,371,385 | 00 |
| Gills Creek Township | 1,035,700 | 00 |
| Lancaster Graded School District | 1,070,535 | 00 |
| Town of Lancaster | 405,560 | 00 |

Total bonded debt:

| | | |
|---|---:|---:|
| County of Lancaster | 80,000 | 00 |
| Gills Creek Township | 39,000 | 00 |
| Lancaster Graded School District | 15,000 | 00 |

The town of Lancaster has no existing bonded debt, the issue now proposed being the first bonded debt contracted.

Making the calculations required to determine the limit of the bond-issuing capacity of the town under the provisions of sec. 5, art. X, and of sec. 7, art. VIII, of the Constitution of this State, the following results are obtained:

| | | | |
|---|---:|---:|---:|
| Fifteen per cent. of total taxable property of town is | | $60,834 | 00 |
| Town's proportion of county debt is | $ 9,783 20 | | |
| Town's proportion of township debt | 15,271 23 | | |
| Town's proportion of graded school district debt | 5,682 45 | 30,736 | 88 |
| Deducting the above total, leaves | | $30,097 | 12 |
| Eight per cent. of total taxable property of town is | | 32,444 | 80 |

Under the eight per cent. limitation of the Constitution, therefore, and without regard to the fifteen per cent. limitation, the town of Lancaster could now issue bonds to the amount of $32,444.80; but, under the fifteen per cent. limitation, the town has power now to issue bonds only to the extent of $30,097.12, as above shown. In accordance with the said constitutional restrictions, therefore, it is clear that the issue of bonds by the town of Lancaster to the amount of thirty thousand ($30,000) dollars, as now proposed, is fully authorized.

Upon the remaining question, as to the legality of the proposed issue of the bonds at the interest rate of five (5) per centum per annum, payable semi-annually, on the 1st of January and 1st of July of each year, at the Hanover National Bank, of the city of New York, it is sufficient to say that the statutory provision as to the issue of such bonds merely prescribed that same shall bear a rate of interest not exceeding six per centum, and there is no restriction by statute or otherwise upon the right of the contracting parties to fix the place of payment. As the rate of interest agreed upon is less than the rate allowed by statute, the bonds may legally be issued to bear interest as stipulated and payable at the time and place fixed in the contract.

As it appears that there had been a compliance with all the requirements of law necessary to make valid this issue of bonds, and that said bonds, when issued and delivered, will constitute binding obligations of the said town:

Ordered and adjudged, that the said town of Lancaster do issue the said coupon bonds to the amount in par value of thirty thousand ($30,000) dollars, payable to bearer, in denominations of five hundred ($500) dollars each, bearing date May 1, 1908, and due May 1, 1948, with the privilege to the said town of redemption after twenty (20) years from date, bearing interest at the rate of five (5) per centum per annum, payable semi-annually, on the 1st day of January and the 1st day of July of each year, with cou-

pons of said interest attached to said bonds, the first interest coupons to be due January 1, 1909, for the eight months' interest then accruing, and the last interest coupons due May 1, 1948, for the four months' interest falling due, principal and interest payable at the Hanover National Bank, of the city of New York; said bonds and the coupons thereof to be signed by the mayor and the clerk and treasurer of said town of Lancaster; the said bonds duly sealed with the seal of the said town: *Provided,* That the signatures of the said mayor and clerk and treasurer, lithographed on said coupons, shall be a sufficient signing of the said coupons, and that the sealing of the said bonds shall be sufficient as a sealing of the coupons attached to the same; and that the said bonds shall thereupon be delivered to the commissioners of public works of the town of Lancaster, to be by them delivered in the lots above recited, to the said several and respective purchasers thereof, at the time provided in the contract aforesaid and upon compliance by the said respective purchasers with the terms of purchase, by making the payments as stipulated in the said contract.

It is further ordered, that this judgment be forthwith remitted to the said Circuit Court for Lancaster County.

MR. JUSTICE JONES *did not sit in this case.*